ORIGINAL

**FILED**

10/05/2021

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 21-0468



# IN THE SUPREME COURT OF THE STATE OF MONTANA

## OP 21-0468

JUSTIN ALAN QUINLAN,

Petitioner,

v.

PETER BLUDWORTH,

Respondent.

**FILED**

OCT 0 5 2021

Bowen Greenwood
Clerk of Supreme Court
State of Montana

ORDER

Representing himself, Justin Alan Quinlan has filed a verified Petition for Writ of Habeas Corpus, challenging the jurisdiction of the Sixteenth Judicial District Court, Rosebud County. Quinlan raises nineteen claims, concluding that he is illegally and unlawfully incarcerated.

In August 2018, a jury found Quinlan guilty of felony incest in the Rosebud County District Court. The court sentenced Quinlan to a 100-year term in the Montana State Prison with seventy-five years suspended. The court required Quinlan to complete both phases of the sex offender program treatment. Quinlan appealed, questioning the court's evidentiary ruling about Quinlan's attempt to present extrinsic evidence that would undermine the victim's credibility. *State v. Quinlan*, 2021 MT 15, ¶¶ 17-26, 403 Mont. 91, 479 P.3d 982. We concluded "the District Court did not misapply the Rules of abuse its discretion in its ruling on the admissibility of evidence." *Quinlan*, ¶ 26. We also reviewed the issue under the Sixth Amendment to the United States Constitution and Article II, § 24 of the Montana Constitution, concluding that the constitutional threshold of the right to confrontation was met. *Quinlan*, ¶ 31.

Quinlan requests dismissal of the charges and dismissal with extreme prejudice of his criminal case. Quinlan claims he is innocent and the victim, his daughter, lied. He lists nineteen claims: (1) invocation of his natural rights under the supreme law of the land;

(2) his status as "a man of GOD, a living soul, natural born, of flesh and blood," etc.; (3) the State of Montana has no standing because it is not a living man or woman; (4) fraud vitiates all, including contracts; (5) fraud committed by the courts and "De Facto Government"; (6) "man and living soul, exist upon the LAND . . ."; (7) "right of self-determination"; (8) "Sui Juris" status; (9) "NOT a PERSON" or U.S. CITIZEN; (10) "natural, free born Sovereign, without subjects[;]" (11) "exercise Right of Avoidance"; (12) "NOTICE" of "'Net Retentions'"; (13) Sixteenth Judicial District Court and State of Montana are a "FOREIGN STATE"; (14) "NOTICE" that his affidavit must be challenged within 21 days "point by point"; (15) dismissal of his criminal case; (16) no affording of his rights during the criminal process; (17) his daughter lied because no intercourse occurred; (18) challenging the lack of evidence; and (19) the recantation letter and no interview of his son.

While the last five of Quinlan's nineteen claims may arguably be considerable under habeas corpus review, Quinlan does not establish illegal incarceration or invalidity of his sentence with these claims. We also note his other claims are beyond the scope of a petition for habeas corpus relief and, as such, we do not address "point by point" these claims. Any challenge to his criminal case, the sufficiency of the evidence, or criminal procedure should have been raised in an appeal. Quinlan raised the issue about the victim's credibility, and we affirmed the District Court's ruling. *Quinlan*, ¶¶ 17-32. "The writ of habeas corpus is not available to attack the validity of the conviction or sentence of a person who has been adjudged guilty of an offense in a court of record and has exhausted the remedy of appeal." Section 46-22-101(2), MCA. Because Quinlan appealed his conviction and sentence, he has exhausted the remedy of appeal, and he cannot now bring such issues in a petition for habeas corpus relief. He is precluded from challenging his conviction and sentence. Quinlan's case does not require dismissal.

Qiuinlan has not demonstrated that he is illegally incarcerated. His sentence is facially valid. Section 46-22-101(1), MCA. Quinlan's claims lack merit, and he cannot attempt to relitigate such claims through this remedy. Section 46-22-101(2), MCA.

Accordingly,

IT IS ORDERED that Quinlan's Petition for Writ of Habeas Corpus is DENIED and DISMISSED.

The Clerk is directed to provide a copy of this Order to counsel of record and to Justin Alan Quinlan personally.

DATED this 5 day of October, 2021.

_____
Chief Justice

_____

_____

_____

_____
Justices

3